ELECTRONICALLY FILED
2022 Dec 14 3:53 PM
CLERK OF COURT - CIRCUIT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| REBECCA MARTINEZ, individually and next of kin to KAYLA LUCAS and her minor children (JAYCE WILLIAM BALDWIN and KAIDEN BLAZE LUCAS), and as Administrator ad Litem, and Personal Representative of KAYLA LUCAS and the ESTATE OF KAYLA LUCAS, | § § § § § § § § § § § § | Case No. Division  JURY DEMANDED |
| Plaintiff, | § § | |
| v. | § § | |
| CITY OF MEMPHIS, MEMPHIS POLICE DEPARTMENT, DIRECTOR CERELYN DAVIS, and OFFICER JOHN DOE 1, | § § § § § § § | |
| Defendants. | § | |

## COMPLAINT

**COMES NOW** Plaintiff, REBECCA MARTINEZ, individually and next of kin to KAYLA LUCAS and her minor children (JAYCE WILLIAM BALDWIN and KAIDEN BLAZE LUCAS), and as Administrator ad Litem, and Personal Representative of KAYLA LUCAS and the ESTATE OF KAYLA LUCAS, by and through counsel, and files this Complaint against Defendants, CITY OF MEMPHIS, MEMPHIS POLICE DEPARTMENT, DIRECTOR CERELYN DAVIS, and OFFICER JOHN DOE, for Plaintiff's personal injuries and damages, and would respectfully state unto this Honorable Court the following, to wit:

## PARTIES

# EXHIBIT A

1. Plaintiff, REBECCA MARTINEZ, is an adult resident citizen of Walls, MS.

2. Plaintiff, KAYLA LUCAS, was an adult resident citizen of Walls, MS at the time of her death.

3. Upon information and belief, Plaintiff alleges that Defendant, CITY OF MEMPHIS, is governmental entity and may be served with process on Jim Strickland, Mayor of Memphis, at 125 N. Main St. Room 700, Memphis, TN 38103.

4. Upon information and belief, Plaintiff alleges that Defendant, MEMPHIS POLICE DEPARTMENT, is a governmental entity and may be served at 170 N. Main Street, Memphis, TN 38103.

5. Upon information and belief, Plaintiff alleges that Defendant, DIRECTOR CERELYN DAVIS, is an adult resident citizen of MEMPHIS, TN, and is the director (chief of police) of the Memphis Police Department and may be served at 170 N. Main Street, Memphis, TN 38103.

6. Upon information and belief, Plaintiff alleges that Defendant, OFFICER JOHN DOE, is an adult resident citizen of MEMPHIS, TN, and is an employee of Defendant Memphis Police Department and may be served at 170 N. Main Street, Memphis, TN 38103.

**JURISDICTION & VENUE**

7. This Court has jurisdiction over this action pursuant to T.C.A. § 16-10-101, Tennessee Wrongful Death Statutes, the common law of Tennessee, Tennessee's Governmental Tort Liability Act, and other applicable laws. This Court has concurrent jurisdiction for any action arising out of violations of 42 U.S.C. § 1983 and this action is brought pursuant to 42 U.S.C § 1983 and 1988, and the Fourth Amendment of the United States Constitution.

8. Venue is proper in this Court pursuant to T.C.A. § 20-4-101.

## FACTUAL BACKGROUND

9. Plaintiff realleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

10. All the incidents, occurrences, places, and actions in this Complaint occurred or are located within the limits of Memphis, Shelby County, Tennessee.

11. South Third Street is a public street in the city of Memphis, Shelby County, Tennessee.

12. Plaintiff alleges that on December 15, 2021, at approximately 2:00 pm, the deceased, Kayla Lucas, was operating a white 2014 Ford Fusion.

13. The 2014 Ford Fusion driven by Plaintiff Kayla Lucas was in the McDonald's drive-thru located at 3120 South Third Street, Memphis, Tennessee when police cars, marked with Memphis Police Department, surrounded the 2014 Ford Fusion, which was reported stolen by Olive Branch Police Department on December 15, 2021.

14. Within seconds of arrival to the McDonald's parking lot and while approaching the vehicle driven by the deceased, Kayla Lucas, Officer John Doe 1 recklessly and wantonly opened fire on the Ford Fusion occupied by Decedent Lucas and a passenger.

15. Officer John Doe 1 intentionally fired approximately seven bullets into the vehicle, wounding and killing Plaintiff Lucas.

16. At no time did Officer John Doe 1 or the other officers give Plaintiff Lucas commands before firing shots at Kayla Lucas and killing her.

17. At no time did Officer John Doe 1 or the other officers give warnings that deadly force would be used against Decedent Kayla Lucas or the other occupant if resistance or flight was not ceased.

18. The deceased, Kayla Lucas, did not pose a threat of death or grievous bodily injury to Officer John Doe 1, other officers, or bystanders when she was egregiously shot and killed.

19. Decedent Kayla Lucas initially survived the multiple gunshot wounds, but eventually succumbed to the gunshot wounds and died.

20. At all times herein, Officer John Doe 1 was acting within the course and scope of his employment with the Memphis Police Department.

21. Upon information and belief, at all times herein, Director Cerelyn Davis was the employer and supervisor of Officer John Doe 1.

22. At all times herein, the Memphis Police Department is a subsidiary/agency of the City of Memphis. Director Cerelyn Davis was appointed and is employed by the City of Memphis.

## CAUSES OF ACTION

### I. NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, REVIEW, AND SUPERVISE THE OFFICERS

23. Plaintiff realleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

24. At all times relevant to this cause of action Defendants, City of Memphis, Memphis Police Department, and Director Cerelyn Davis, had a duty monitor, train, review, and supervise Officer John Doe 1 and other officers involved.

25. Defendants, City of Memphis, Memphis Police Department, and Director Cerelyn Davis, were grossly negligent and/or wanton in failing to monitor, train, review, and supervise the actions of the Officer John Doe 1 and the other involved officers.

26. Defendants, City of Memphis, Memphis Police Department, and Director Cerelyn Davis, failed to adequately train Officer John Doe 1 and the officers involved on how to properly approach, detain, investigate, search, and arrest citizens such as Decedent Kayla Lucas and others in a similar situation.

27. Defendants, City of Memphis, Memphis Police Department, Director Cerelyn Davis, and Officer John Doe 1, negligently and/or wantonly failed to properly follow and/or apply municipal law enforcement rules, ordinances, regulations, policies, and procedures, including but not limited to city, state and federal law.

28. Defendants, City of Memphis, Memphis Police Department, and Director Cerelyn Davis, through its administrators, supervisors, agents, employees, and other officers negligently hired, assigned, and retained Officer John Doe 1 knowing of his propensity for malicious abuse of process, failure to follow promulgated rules and guidelines, and obstruction of justice while performing everyday police officer duties, including but not limited to conducting traffic and investigatory stops.

29. Kayla Lucas sustained death (after initially surviving the fatal gun shots) and other significant damages, as set forth herein, as a direct and proximate result of the defendants grossly negligent, wanton, reckless, and intentional acts.

30. Plaintiffs sustained other significant damages, as set forth herein, as a direct and proximate result of the defendants grossly negligent, wanton, reckless, and intentional acts.

## II.   NEGLIGENCE PER SE: STATE OF TENNESSEE

31. Plaintiff realleges and incorporates the allegations in all proceeding paragraphs as if fully set forth herein.

32. At all times, Defendants had the duty to observe and abide by lawfully promulgated statutes, rules, and regulations of the State of Tennessee and federal laws.

33. Plaintiff charges and alleges that at the time of the wrongful death in question, the following statutes of the State of Tennessee were in full force and effect and were violated by Defendant Police Officer 1:

    - ***Section 39-11-620 Use of <u>deadly force</u> by a law enforcement officer.***

       (a) A law enforcement officer, after giving notice of the officer's identity as such, may use or threaten to use force that is reasonably necessary to accomplish the arrest of an individual suspected of a criminal act who resists or flees from the arrest.

       (b) Notwithstanding subsection (a), the officer may use deadly force to effect an arrest only if all other reasonable means of apprehension have been exhausted or are unavailable, and where feasible, the officer has given notice of the officer's identity as such and given a warning that deadly force may be used unless resistance or flight ceases, and:

         (1) The officer has probable cause to believe the individual to be arrested has committed a felony involving the infliction or threatened infliction of serious bodily injury or grave sexual abuse; or

         (2) The officer has probable cause to believe that the individual to be arrested poses a threat of serious bodily injury or grave sexual abuse, either to the officer or to others unless immediately apprehended.

### III.   CIVIL RIGHTS VIOLATIONS UNDER § 1983

34. Plaintiffs reallege and incorporate the allegations in all preceding paragraphs as if fully set forth herein.

35. Plaintiffs charge and allege that Defendants substantially deprived Plaintiff Lucas of her rights, privileges, and immunities guaranteed to her as a citizen of the United States, in violation of 42 § 1983.

36. Plaintiffs charge and allege that Defendants deprived Plaintiff Lucas of her rights guaranteed to her by the United States Constitution, including but not limited to freedom from the use of unjustified and excessive force and freedom from deprivation of liberty without due process.

37. Defendant Officer John Doe 1 intentionally used unnecessary and excessive force by drawing and firing his weapon upon Kayla Lucas when she did not pose a threat of death or grievous bodily injury to him, other officer, or bystanders at the scene.

38. Defendant Officer John Doe 1's actions were done with actual malice towards Kayla Lucas and with willful and wanton indifference to Kayla Lucas and deliberate disregard for her Constitutional Rights.

## INJURIES AND DAMAGES

39. Plaintiff realleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

40. As a direct and proximate result of Defendants' violations of state and federal statutes, as stated above, Plaintiff Kayla Lucas was shot to death on December 15, 2021. Plaintiff Martinez, as the mother of Kayla Lucas and guardian of Lucas' minor children Jayce William Baldwin and Kaiden Blaze Lucas, has suffered injuries and damages, including but not limited to:

    a.  The wrongful death of Kayla Lucas;

    b.  Loss of enjoyment of life and familial association of Kayla Lucas;

    c.  Serious and painful physical injuries and suffering of Kayla Lucas;

    d.  Conscious physical and emotional pain and suffering of Plaintiff Kayla Lucas from the time of injury until her death;

e. Pecuniary value of the life of Plaintiff Kayla Lucas, including but not limited to the loss of companionship;

f. Medical expenses incurred for Kayla Lucas;

g. Inability to enjoy normal pleasures of life, past, present, and future for Plaintiff Lucas;

h. The inability and impairment to enjoy normal pleasures of life, past, present, and future of Plaintiff Martinez, individually and on behalf of the minor children and the heirs thereof.

i. Past, present, and future physical and emotional pain and suffering of Plaintiff Martinez, individually and on behalf of the minor children and the heirs thereof;

j. Past, present, and future mental anguish and emotional distress of Plaintiff Martinez, individually and on behalf of the minor children and the heirs thereof;

k. Funeral expenses and expenses related to the death of Kayla Lucas;

l. Other damages to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests the following relief:

41. That proper process issue against Defendants, requiring them to plead and answer;

42. That Plaintiffs be awarded compensatory damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

43. That Plaintiff be awarded punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00) for the wrongful death of Kayla Lucas;

44. Prejudgment and post-judgment interest;

45. All other relief to which Plaintiff may be entitled under Tennessee law; and

46. A jury trial to try these issues when joined.

Respectfully submitted,

**WRIGHT & GRAY**

_____
Daryl A. Gray (TBPR # 27781)
Rosalyn Dobbins (TBPR # 37239)
5050 Poplar Ave., Suite 1925
Memphis, TN 38157
Telephone: (901) 554-5990
Facsimile: (901) 334-9667
daryl@wrightgray.com
rosalyn@wrightgray.com
*Attorneys for Plaintiff*
