IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

REBECCA MARTINEZ, Individually and next of kin to KAYLA LUCAS and her minor Children (JAYCE WILLIAM BALDWIN and KAIDEN BLAZE LUCAS), and as Administrator ad Litem, and Personal Representative of KAYLA LUCAS and the ESTATE OF KAYLA LUCAS,

    Plaintiff,

v.

CITY OF MEMPHIS, MEMPHIS POLICE DEPARTMENT, DIRECTOR CERELYN DAVIS, and OFFICER JOHN DOE 1,

    Defendants.

Case No. 2:23-cv-02049-MSN-cgc

---

## ANSWER

---

COME NOW Defendants City of Memphis and Memphis Police Department (hereafter collectively referred to as "Defendants") and respond to the Complaint filed in this cause as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted, and therefore should be dismissed. Specifically, the Complaint fails to identify or allege any municipal policy or custom which was the moving force behind Plaintiffs' alleged injuries.

## SECOND DEFENSE

Defendants intend to avail themselves of all defenses available under the Tennessee Governmental Tort Liability Act, specifically but not limited to immunity from civil rights claims.

## THIRD DEFENSE

In response to the numbered paragraphs of the Complaint, Defendants respond as follows:

1. Defendants are without sufficient information upon which to admit or deny the allegations of Paragraph 1 of the Complaint, they therefore deny the same and demand strict proof thereof.

2. Defendants are without sufficient information upon which to admit or deny the allegations of Paragraph 2 of the Complaint, they therefore deny the same and demand strict proof thereof.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Memphis Police Department is a division of the City of Memphis and may be served at the address identified.

5. Defendants admit that Cerelyn Davis is the director of the Memphis Police Department and may be served in her official capacity at the address identified.

6. Defendants are without sufficient information upon which to admit or deny the allegations of Paragraph 6 of the Complaint, they therefore deny the same and demand strict proof thereof.

7. Defendants deny that the Shelby County Circuit Court has jurisdiction over claims arising from violations of 42 U.S.C. § 1983. Jurisdiction properly lies with the United States District Court.

8. Defendants admit that venue is proper.

9. Paragraph 9 of the Complaint does not contain any factual allegations and therefore does not require a response.

10. Defendants admits upon information and belief that the altercation which forms the basis of the Complaint occurred in Memphis, Shelby County, Tennessee.

11. Defendant admits the allegations of Paragraph 11 of the Complaint.

12. Defendants are without sufficient information upon which to admit or deny the allegations of Paragraph 12 of the Complaint, they therefore deny the same and demand strict proof thereof.

13. Defendants are without sufficient information upon which to admit or deny the allegations of Paragraph 13 of the Complaint, they therefore deny the same and demand strict proof thereof.

14. Defendants deny the allegations of Paragraph 14 of the Complaint to the extent that if alleges recklessness or liability on Defendants. Defendants are without sufficient information upon which to admit or deny the remaining allegations of Paragraph 14 of the Complaint, they therefore deny the same and demand strict proof thereof.

15. Defendants deny the allegations of Paragraph 15 of the Complaint to the extent that if alleges recklessness or liability on Defendants. Defendants are without sufficient information upon which to admit or deny the remaining allegations of Paragraph 15 of the Complaint, they therefore deny the same and demand strict proof thereof.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants are without sufficient information upon which to admit or deny the remaining allegations of Paragraph 17 of the Complaint, they therefore deny the same and demand strict proof thereof.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants are without sufficient information upon which to admit or deny the remaining allegations of Paragraph 19 of the Complaint, they therefore deny the same and demand strict proof thereof.

20. Defendants are without sufficient information upon which to admit or deny the remaining allegations of Paragraph 20 of the Complaint, they therefore deny the same and demand strict proof thereof.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants admit the allegations of Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint does not contain any factual allegations and therefore does not require a response.

24. Defendants admit the allegations of Paragraph 24 of the Complaint to the extent that they pertain to the City of Memphis and Memphis Police Department. Defendants deny the allegations of Paragraph 24 of the Complaint to the extent that they pertain to Cerelyn Davis.

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint does not contain any factual allegations and therefore does not require a response.

32. Defendants admit the allegations of Paragraph 32 of the Complaint.

33. Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint does not contain any factual allegations and therefore does not require a response.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint does not contain any factual allegations and therefore does not require a response.

40. Defendants deny the allegations of Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint does not contain any factual allegations and therefore does not require a response.

42. Paragraph 42 of the Complaint does not contain any factual allegations and therefore does not require a response.

43. Paragraph 43 of the Complaint does not contain any factual allegations and therefore does not require a response.

44. Paragraph 44 of the Complaint does not contain any factual allegations and therefore does not require a response.

45. Any allegations contained in the Complaint to which Defendants have not specifically responded are now generally denied as though specifically pled, and strict proof thereof is demanded.

WHEREFORE, PREMISES CONSIDERED, Defendants request that:

1. This Court dismiss Plaintiff's complaint with prejudice, based upon its responses to same as well as each and all of the aforesaid Affirmative Defenses.

2. This Court deny Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever.

46. This Court award the Defendants costs and attorneys' fees pursuant to 42 U.S.C. § 1988, as this Court may deem appropriate.

Respectfully submitted,

Jennifer Sink
Chief Legal Officer/City Attorney

/s/Joseph M. Fletcher
Joseph M. Fletcher, BPR #31660
Assistant City Attorney
Dennis Hawkins, BPR #22116
Senior Assistant City Attorney
170 North Main Street, Fifth Floor
Memphis Tennessee 38103
(901) 636-4534 Office
(901) 636-6524 Fax
josephm.fletcher@memphistn.gov

## **CERTIFICATE OF SERVICE**

      I, Joseph M. Fletcher, hereby certify that on February 13, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon each party registered on the CM/ECF system in this action.

      I further certify that there are no non-CM/ECF participants who would require service by mail in this case.

/s/ Joseph M. Fletcher<br>Joseph M. Fletcher